hBYRNES, Judge,
concurring.
I reluctantly concur out of deference to the fact finder in this case. I am concerned that this case might, in the future, be urged for the proposition that any- time an off-duty policeman is involved in what is essentially a personal, altercation, that his general duty to prevent such altercations automatically elevates the altercation from private status to public with its attendant vicarious liability. The general duty to prevent violence was never intended to impose vicarious liability for what are essentially the private actions of a police officer.
The mere fact that a police officer identifies himself as such in the midst of a private altercation does not automatically convert a private matter into a public matter involving vicarious liability. When a police officer identifies himself as a police officer under such circumstances it would be to gain leverage for his private advantage as distinguished from a genuine attempt to act in any official capacity, much as a potential combatant might attempt to overawe his opponents by trumpeting his status' as a karate black belt.
The troubling thing about this case is that almost any private wrongdoing by |2an off-duty policeman would arguably violate some public duty. In voting with the majority today I am not convinced that the City should be vicariously liable on such an open-ended basis.